UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------X

CHARLES DABYDEEN,

     Plaintiff,                    **<u>Not for Publication</u>**

-against-                       **ORDER**

WELLS FARGO BANK, N.A.; CARRINGTON    18-CV-3396(KAM)
MORTGAGE SERVICES, LLC; LISA
JADIDIAN; SHAPIRO, DICARO & BARAK,
LLC,

     Defendants.

---------------------------------X

**MATSUMOTO, United States District Judge:**

       On June 8, 2018, plaintiff Charles Dabydeen
("plaintiff") filed this *pro se* action invoking the court's
federal question jurisdiction under 28 U.S.C. § 1331 and
diversity jurisdiction under 28 U.S.C. § 1332, seeking an
emergency temporary restraining order and/or a preliminary
injunction "to urgently and immediately enjoin and restrain
defendants," from foreclosing on and selling his real property
located in Queens Village, New York.  (*See* Complaint, ECF No. 1,
at 1, 3.)  Plaintiff paid the required filing fee to bring this
action.

       By Memorandum and Order dated June 29, 2018 (the "June
Order," ECF No. 4), the court denied plaintiff's request for a
temporary restraining order and/or preliminary injunction,
dismissed plaintiff's complaint for lack of federal subject
matter jurisdiction, and granted plaintiff 30 days from the date

of the Memorandum and Order (*i.e.*, until July 30, 2018) to file
an amended complaint.  (June Order at 15-16.)  The court warned
plaintiff that if he failed to file an amended complaint within
the time allowed, "an order shall issue dismissing this action
without prejudice for lack of subject matter jurisdiction"
pursuant to Federal Rule of Civil Procedure ("Rule") 12(h)(3).

On August 8, 2018, the court, *sua sponte*, issued an
order extending plaintiff's deadline to file an amended
complaint through August 22, 2018.  (*See* August 8, 2018 Docket
Order.)  The order stated that this extension represented "**one
final opportunity to file an amended complaint**," and warned
plaintiff that, if he failed to file an amended complaint by the
extended deadline, "**the court w[ould] dismiss this action
pursuant to Federal Rule of Civil Procedure 41 for (1) failure
to comply with court orders and (2) failure to prosecute**."  (*Id.*
(emphasis in quoted material).)  The Clerk of Court served this
order on plaintiff.  (*See* August 15, 2018 Docket Notation.)  To
date, plaintiff has failed to file an amended complaint, or to
respond in any way to the court's orders.  Accordingly, as set
forth in the June Order, accordingly, this action is dismissed
without prejudice under Rule 12(h)(3).

Dismissal of this action under Rule 41(b) is also
warranted.  Rule 41(b) authorizes dismissal of an action where a
plaintiff "fails to prosecute or to comply with [the Federal

Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte*." (citation omitted)).

In determining whether to dismiss an action under Rule 41(b), district courts must consider (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration," (2) whether the "plaintiff was given notice that further delay would result in dismissal," (3) whether further delay would likely prejudice the defendant, (4) the balance between "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," and (5) the "efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *accord LeSane*, 239 F.3d at 209 (citations omitted). These factors must be considered in light of the record of the entire case as a whole, and no one factor is dispositive. *Lewis*, 564 F.3d at 576 (citations omitted).

Here, the first factor weighs in favor of dismissal because plaintiff has ignored court orders and rendered himself unavailable for a period of two months. *See Zappin v. Doyle*, No. 17-CV-8837(KPF), 2018 WL 2376502, at *6-7 (S.D.N.Y. Apr. 10,

2018) (finding first factor weighed in favor of dismissal where plaintiff requested leave to amend his complaint and in the subsequent two months failed to amend the complaint, despite opportunities to do so, and ignored at least six court orders during that period); *Capogrosso v. Troyestsy*, No. 14-CV-381, 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for delays as short as two months when a party has become completely inaccessible, as accessibility strongly suggests that plaintiff is not diligently pursuing [his or] her claim." (internal quotation marks and citation omitted)). Additionally, the orders that plaintiff has ignored clearly warned him that further delay would result in dismissal, and consequently, the second factor weighs in favor of dismissal.

Regarding the third factor, although defendants have not been served, "prejudice to defendants resulting from unreasonable delay may be presumed," *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)), and there is nothing in the record to rebut that presumption. Accordingly, the third factor weighs in favor of dismissal.

As to the fourth factor, plaintiff has been given two opportunities to file an amended complaint, and has not filed one. More generally, plaintiff has not responded to the court's

orders in any way, and consequently has expressed no interest in prosecuting this action since filing his initial complaint. Given the nature of plaintiff's conduct and the resources the court has expended in tending to this action, and upon weighing "the need to alleviate court calendar congestion" and "plaintiff's right to an opportunity for a day in court," *Lewis*, 564 F.3d at 576 (citation omitted), the court concludes that the fourth factor weighs in favor of dismissal.

Fifth, in light of plaintiff having rendered himself unavailable to the court, the court cannot fashion a sanction less severe than dismissal in light of plaintiff's failure to comply with court orders. Accordingly, all five factors weigh in favor of dismissal, and dismissal is appropriate. *Cf. Jackson v. Mulroy*, 12 F. App'x 80, 82-83 (2d Cir. 2001) (concluding district court did not abuse its discretion in dismissing action under Rule 41(b) where district court dismissed initial complaint, "expressly invited him to submit a complaint more clearly spelling out the basis for his claims and the relief sought," advised plaintiff that failure to file amended complaint would result in dismissal, and waited several months past the deadline for plaintiff to file an amended complaint before actually dismissing action).

In light of the foregoing, this action is dismissed, although because the court concluded in the June Order that

plaintiff had not asserted federal subject matter jurisdiction, this dismissal is without prejudice.

The Clerk of Court is respectfully directed to enter judgment, to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record and note service on the docket, and to close the case. Although plaintiff paid the filing fee to commence this action, the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:  August 31, 2018
        Brooklyn, New York

                                        /s/
                        _____
                        Kiyo A. Matsumoto
                        United States District Judge